**NICHOLS KASTER, PLLP**
Rebekah L. Bailey, CA SBN 258551
bailey@nka.com
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870

**NICHOLS KASTER, LLP**
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff, similarly-situated
employees, and the general public

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN PEREZ, individually and on behalf of similarly situated employees and the general public,<br><br>Plaintiff,<br><br>v.<br><br>BARCO, INC.<br><br>Defendant. | Case No.: _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR DAMAGES, RESTITUTION, & INJUNCTIVE RELIEF**<br><br>**(1) Violation of the Overtime Provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201,** *et seq.***;**<br><br>**(2) Violation of the Overtime Provisions of California Wage and Hour Laws, Cal. Lab. Code §§ 510, 1194, 1198, and IWC Wage Order(s);**<br><br>**(3) Failure to Provide Itemized Wage Statements, Cal. Lab. Code § 226;**<br><br>**(4) Failure to Provide and/or Authorize Meal and Rest Periods, Cal. Lab. Code § 226.7, 512, and IWC Wage Order(s);**<br><br>**(5) Unfair Competition, Cal. Bus. & Prof. Code § 17200,** *et seq.* |

**PRELIMINARY STATEMENT**

1. Defendant Barco, Inc. ("Defendant") engaged and continues to engage in illegal pay practices.

2. Defendant regularly fails and refuses to compensate Plaintiff and similarly-situated employees properly for all overtime hours worked in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, the California Labor Code §§ 510, 226, 226.7, 512, 1194, 1198, the Business & Professions Code 17200, *et seq.*, and applicable IWC Wage Orders.

3. Plaintiff and other similarly-situated employees work(ed) for Defendant as field service engineers, also known as customer service engineers/technicians.

4. During the relevant time frame, Defendant willfully and recklessly failed to provide Plaintiff and similarly-situated employees with overtime premiums to compensate them for all work performed over forty hours in a week or over eight hours in a day.

5. In light of this systematic and illegal practice, Plaintiff asserts FLSA claims on behalf of himself a putative collective action comprised of similarly-situated employees who work(ed) for Defendant as field service engineers, also known as customer service engineers/technicians, at any time during three years prior to the filing of his original Complaint to the present. Plaintiff also assets causes of action on behalf of himself for violations of California law.

**JURISDICTION AND VENUE**

6. This action arises under the FLSA, 29 U.S.C. § 201, *et seq.* The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331 as this case is brought under the FLSA, 29 U.S.C. § 201, et seq.

7. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims asserted, as the state and federal claims derive from a common nucleus of operative fact.

8. Venue is proper in the United States District Court, Eastern District of California pursuant to 28 U.S.C. § 1391, because Defendant operates in this district and because a

substantial part of the events giving rise to the claims occurred in this district.

**THE PARTIES**

9. Plaintiff Ivan Perez ("Plaintiff") is an individual residing in Sacramento, California.

10. Plaintiff has been employed by Defendant since approximately January 7, 2013, and qualifies as an "employee", as defined by the FLSA, 29 U.S.C. § 203(e)(1), and IWC Wage Order Number 4. Plaintiff works out of Defendant's office in Rancho Cordova, California.

11. Since approximately February 2015, Plaintiff has worked as a field service engineer, also known during the relevant time period as a customer service engineer/technician.

12. Defendant Barco, Inc. ("Barco") is a domestic corporation that does business throughout California and throughout the country, with its principal place of business in Duluth, Georgia.

13. At all relevevant times, Defendant is, and has been, Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and IWC Wage Order Number 4.

**FACTUAL ALLEGATIONS**

14. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

15. According to its website, Defendant is a global technology company that "designs and develops networked visualization products for the Entertainment, Enterprise, and Healthcare markets." It offers products including displays, monitors, projectors, work stations, video walls, 3D sound, image processing, and others.

16. Defendant has facilities for Sales & Marketing, Customer Support, R&D, and manufacturing in Europe, North American, and the Asia-Pacific.

17. Defendant operates in interstate commerce by, among other things, selling its products and services nationwide.

18. Defendant has 3,500 employees in 90 countries worldwide.

19. Upon information and belief, Defendant's gross annual sales made or business done has been $500,000.00 or greater at all times relevant herein.

20. Plaintiff and similarly-situated employees work or worked for Defendant as field service engineers, also known as customer service engineers/technicians ("Field Service Engineers").

21. Defendant's Field Service Engineers' primary job duties and responsibilities consist of non-exempt work, such as installing, repairing, replacing parts, troubleshooting, servicing and performing preventative maintenance on equipment manufactured and sold by Defendant.

22. Defendant assigns Field Service Engineers with work assignments, and Defendant required that they work long hours to complete their job duties and responsibilities.

23. Defendant suffered and permitted Plaintiff and the similarly-situated employees to work more eight (8) hours in a day and more than forty (40) hours per week.

24. For example, during the workweek ending October 30, 2016, Plaintiff worked approximately 81.5 hours without receiving overtime wages. During this workweek, Plaintiff worked over eight hours a day.

25. Plaintiff has also worked more than twelve (12) hours in a work day and has worked seven (7) consecutive days during a workweek within the applicable time period. For example, Plaintiff worked consecutively from May 2 to May 8, 2016. In addition, from March 14 to March 20, 2016, Plaintiff worked over 12 hours per day.

26. Plaintiff often reported overtime hours to Defendant in SalesForce, an electronic reporting system. Defendant was aware Plaintiff and similarly-situated employees worked overtime.

27. For their work, Field Service Engineers received a salary with no overtime premiums.

28. Defendant considers Field Service Engineers to be exempt from state and federal overtime requirements.

29. Defendant does not provide Plaintiff with the requisite meal breaks, and did not authorize or permit the requisite rest breaks.

30. Defendant does not provide Plaintiff with the requisite itemized wage statements.

31. Plaintiff complained to human resources in approximately October of 2016 about his excessive workload and long hours. Plaintiff also questioned Defendant about its refusal to provide overtime pay. Defendant informed Plaintiff that it would investigate his exemption status.

32. Upon receiving no response, Plaintiff followed up with Defendant again in January 2017. Defendant stood by its original decision to classify Plaintiff as exempt.

33. Defendant misclassified (and continues to misclassify) its Field Service Engineers, including Plaintiff, as exempt from state and federal overtime protections.

34. Defendant knew that Field Service Engineers performed non-exempt work that required overtime pay. Defendant operated under a scheme to deprive its Field Service Engineers of overtime compensation by failing to properly compensate them for all hours worked.

35. Defendant's unlawful conduct outlined herein has caused significant damages to Plaintiff and similarly-situated employees.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

37. Plaintiff brings this action on behalf of himself and other similarly-situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). Plaintiff's consent form is attached to this Complaint as Exhibit A.

38. In his first cause of action, Plaintiff seeks to represent a collective comprised of the following:

> All persons who have been employed by Barco, Inc. as field service engineers, customer service engineers/technicians, or in other job titles performing similar duties working within the United States at any time beginning three years prior to the filing of the initial complaint in this action until the first date of trial (the "Collective").

39. Members of the proposed Collective are known to Defendant and are readily identifiable through Defendant's records.

40. As a result of Defendant's misclassification of field service engineers, Plaintiff

COLLECTIVE ACTION COMPLAINT
-5-

and the proposed Collective are all victims of Defendant's widespread, repeated, systematic, and consistent illegal policies that have resulted in violations of their rights under the FLSA, 29 U.S.C. § 201, *et seq.*, and that have caused significant damage to Plaintiff and the proposed Collective.

41. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent with the Court.

42. Plaintiff has signed a consent form to join this lawsuit, which is attached as Exhibit A. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

## **FIRST CAUSE OF ACTION**

## **FAILURE TO PAY FEDERAL OVERTIME PREMIUMS**

**(The Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.)**

*On Behalf of Plaintiff and the proposed Collective*

43. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

44. The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times the regular rate of pay for work performed in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

45. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 2063(r)(1), and is engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

46. Plaintiff and the proposed Collective qualify or qualified as non-exempt covered employees during the relevant time period within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

47. Plaintiff and the proposed Collective regularly worked more than forty (40) hours per week for Defendant, but Defendant did not properly compensate Plaintiff or the proposed Collective for all of their overtime hours worked as required by the FLSA.

48. Defendant did not and has not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the proposed Collective.

49. Defendant knew Plaintiff and the proposed Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the proposed Collective wages at the required overtime rate. *See* 29 U.S.C. § 255.

50. Defendant's willful failure and refusal to pay Plaintiff and the proposed Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

51. As a direct and proximate result of these unlawful practices, Plaintiff and the proposed Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

## FAILURE TO PAY STATE OVERTIME PREMIUMS

**(California Labor Code §§ 510, 1194 & IWC Wage Order No. 4)**

*On Behalf of Plaintiff*

52. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

53. The California Labor Code requires employers to pay overtime compensation to all non-exempt employees for all hours worked over forty (40) per week, or over eight (8) per day, or for all work performed on any seventh (7th) consecutive day in a workweek up to eight (8) hours. The law further requires employers to pay double time for all hours worked over twelve (12) in a day and for all hours worked on the seventh (7th) consecutive day of the workweek that exceed eight (8) hours. Cal. Labor Code § 510.

54. Plaintiff is a non-exempt employee entitled to be paid proper overtime compensation for all hours worked.

55. During the relevant statutory period, Plaintiff worked, and continues to work, in excess of eight (8) hours in a work day, forty (40) hours in a work week, and/or during seven (7) consecutive days for Defendant. Plaintiff also has worked more than twelve (12) hours in a work day and has worked over eight hours on his seventh (7th) consecutive day of work during the

applicable time period.

56. During the relevant statutory period, Defendant failed and refused to pay Plaintiff proper overtime compensation for overtime hours worked.

57. As a result of Defendant's failure to pay wages earned and due, Defendant violated the California Labor Code and Wage Order Number 4.

58. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant, prejudgment interest, and attorneys' fees and costs, pursuant to California Labor Code section 1194 and other applicable law.

## THIRD CAUSE OF ACTION

### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
### California Labor Code § 226 & Wage Ord. No. 4

*On Behalf of Plaintiff*

59. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

60. Each time wages are paid, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. Cal. Labor Code § 226(a).

61. The statements provided to Plaintiff do not accurately reflect actual gross wages earned and the total hours worked.

62. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements to Plaintiff.

63. Such failure caused injury under California Labor Code § 226(e) because Plaintiff could not promptly and easily determine, *inter alia*, his hours worked or rates of pay from the wage statement alone.

64. Plaintiff is entitled to and seek injunctive relief requiring Defendant to comply with Labor Code 226(a) and further seek the amount provided under Labor Code 226(e), including the greater of all actual damages or fifty dollars for the initial pay period in which a

violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period (up to a maximum of $4,000), as well as his attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

**VIOLATION OF STATE REST BREAK AND MEAL PERIOD REQUIREMENTS**

**(California Labor Code §§ 226.7, 512, & Cal. Wage Order No. 4)**

*On Behalf of Plaintiff*

65. Plaintiff alleges and incorporates by reference the allegations in the proceeding paragraphs.

66. California Labor Code section 512 prohibits an employer from requiring an employee to work for a period longer than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, or from requiring an employee to work for a period longer than ten (10) hours without a second meal period of not less than thirty (30) minutes.

67. Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the meal period is not provided.

68. Section 12 Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily

work time is less than three and one-half (3 ½) hours. Authorized rest period time shall be counted, as hours worked, for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

69. California Labor Code section 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

70. Plaintiff is Defendant's employee, and he routinely worked shifts long enough to qualify for the enjoyment of a statutorily required meal and/or rest break.

71. Defendant knowingly failed to provide, authorize, or permit Plaintiff to take the requisite meal and rest breaks. Likewise, Defendant knowingly failed to provide him with premium compensation for the missed meal and rest breaks.

72. Plaintiff is therefore entitled to payment of the meal and rest period premiums as provided by law.

## FIFTH CAUSE OF ACTION

## CALIFORNIA UNFAIR COMPETITION LAW

**(California Business & Professions Code § 17200, *et seq.*)**

*On Behalf of Plaintiff*

73. Plaintiff alleges and incorporates by reference the allegations in the preceding paragraphs.

74. The California Unfair Competition Law (UCL), Cal. Bus. & Prof. Code § 17200, *et seq.*, prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

75. Defendant commits act of unfair competition by all of the foregoing alleged conduct: by failing and refusing to compensate Plaintiff for all earned overtime compensation, by

failing to provide meal and rest break pay premiums when earned, by failing to provide itemized wage statements, and by failing to comply with the FLSA, 29 U.S.C. § 201, *et seq.*, Cal. Labor Code §§ 226, 226.7, 510, 512, 1194, 1198, and IWC Wage Order No. 4, and by engaging in other acts and conduct alleged above.

76. Defendant's course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph each constitute a separate and independent violation of the UCL. Defendant's conduct described herein violates the policy, spirit, and letter of such laws and otherwise significantly threatens or harms competition.

77. The harm to Plaintiff in being wrongfully denied lawfully earned wages outweighed the utility, if any, of Defendant's policies or practices and therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of the UCL.

78. Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff is entitled to restitution of the overtime earnings and other unpaid wages alleged herein that were withheld and retained by Defendant during a period that commences four years prior to the filing of this action, a permanent injunction requiring Defendant to pay required wages, an award of attorneys' fees pursuant to Code of Civil Procedure § 1021.5 and other applicable law, and costs.

## **PRAYER FOR RELIEF**

79. **WHEREFORE**, Plaintiff, on behalf of himself and all members of the proposed Collective, prays for relief as follows:

    a) A finding that Plaintiff and the proposed Collective are similarly situated;

    b) Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

    c) Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d) Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court;

e) A finding that Defendant failed and refused to pay Plaintiff and the proposed collective all earned wages under the FLSA;

f) Judgment against Defendant for an amount equal to Plaintiff's and the proposed Collective's unpaid back wages at the applicable overtime rates;

g) A finding that Defendant's violations of the FLSA are willful

h) An amount equal to Plaintiff's and the proposed Collective's damages as liquidated damages;

i) All costs and attorneys' fees incurred;

j) An award of any pre- and/or post-judgment interest; and

k) All further relief as the Court deems just and equitable.

80. **WHEREFORE**, Plaintiff prays for relief as follows:

a) Judgment that Defendant failed and refused to provide Plaintiff with all wages earned;

b) Judgment that the practices complained of herein are unlawful under California state law;

c) Appropriate statutory penalties under the California Labor Code;

d) An award of damages and restitution, equal to unpaid overtime wages, other due wages, unpaid meal and rest premiums, and other penalties owed pursuant to California law;

e) Pre-Judgment and Post-Judgment interest, as provided by law;

f) Attorneys' fees and costs of suit, including expert fees and fees pursuant to Labor Code sections 218.5, 226(e), 1194, 2802(c), and other applicable laws; and

g) Such other injunctive and equitable relief as the Court may deem just and proper.

//

Dated: March 21, 2017

**NICHOLS KASTER, PLLP**

By: /s/ Rebekah L. Bailey

Rebekah L. Bailey