**NICHOLS KASTER, PLLP**
Reena I. Desai*
Rebekah L. Bailey, CA SBN 258551
bailey@nka.com
4600 IDS Center
80 South 8th St.
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
*admitted pro hac vice*

**NICHOLS KASTER, LLP**
Daniel S. Brome, CA SBN 278915
dbrome@nka.com
235 Montgomery Street, Suite 810
San Francisco, CA 94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Attorneys for Plaintiff, similarly-situated
employees, and the general public

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN PEREZ, individually and on behalf of similarly situated employees and the general public,<br><br>              Plaintiff,<br><br>   v.<br><br>BARCO, INC., d/b/a BELGIUM-BARCO INC.,<br><br>              Defendant. | **Case No.: 2:17-cv-00601-TLN-AC**<br><br>Assigned to: Hon. Troy J. Nunley<br><br>**STIPULATION TO EXTEND MOTION FOR SETTLEMENT APPROVAL DEADLINE**<br><br>Action Filed:  March 21, 2017<br>Trial:  None Set |

Plaintiff Ivan Perez and Defendant Barco, Inc. (collectively, "the Parties"), by and through their respective undersigned counsel, jointly file this Stipulation to Extend the Motion for Settlement Approval Deadline (the "Stipulation") from August 9, 2018 to August 21, 2018.  In support of the Stipulation, the Parties submit the following:

1. Plaintiff filed this lawsuit in March 2017, alleging Defendant violated federal and California wage and hour laws by misclassifying him as an exempt employee and failing to provide Plaintiff with overtime premiums to compensate him for all work performed over forty hours in a week or over eight hours in a day.  (Compl., ECF No. 1; Am. Compl., ECF No. 4.)  Defendant denies the allegations and has raised several affirmative defenses to liability and damages. (Answer, ECF No. 7.)

2. In July 2017, the Court issued its Pretrial Scheduling Order setting, among other things, a discovery deadline of January 15, 2018, and a motion hearing deadline of July 12, 2018. (ECF No. 11.)

3. The Parties engaged in significant discovery, including propounding multiple sets of written discovery, deposing Plaintiff, and deposing Defendant's corporate witnesses.

4. On June 12, 2018, the Parties entered into a Stipulation to Continue Trial and Attendant Pretrial Deadlines Pending Mediation in order to attend private mediation, which the Court granted on June 15, 2018.  (ECF Nos. 15, 18.)

5. The Parties attended mediation with experienced mediator Steven G. Pearl, Esq. from ADR Services, Inc., on July 11, 2018, and were unable to settle that day; however, Mr. Pearl provided the Parties with a mediator's proposal, which both Parties timely accepted on July 13, 2018.

6. On July 23, 2018, the parties submitted a joint report regarding the status of the case following mediation.  (ECF No. 19.)  In the report, the parties indicated to the Court that they were in the process of finalizing the terms of the settlement.  (Id.)  The parties requested that the Court vacate the trial and related trial deadlines so that they could focus on finalizing the terms of the settlement and move forward with resolving the case.  The parties also advised the Court that they would file their joint motion for settlement approval on or before August 9, 2018.  (Id.)

7.     On July 23, 2018, pursuant to the joint report submitted by the parties, the Court vacated all deadlines and hearings and set a deadline of August 9, 2018 for the parties to file their motion for settlement approval.  (ECF No. 20.)

8.     The parties diligently negotiated the settlement terms following the mediation and agreed to a final version of the settlement agreement on August 6, 2018.  Plaintiff signed the settlement agreement on August 7, 2018.

9.     As part of the settlement, Defendant will reclassify Plaintiff as a non-exempt employee immediately after the Effective Date of the settlement agreement, which is the last date that Plaintiff or Defendant signs the settlement agreement.

10.     Due to Defendant's payroll system, Defendant is unable to reclassify Plaintiff until the next pay period, which is August 20, 2018.  Accordingly, Defendant intends to sign the agreement on August 20, 2018, to comply with the reclassification provision in the settlement agreement requiring it to reclassify Plaintiff "immediately after the Effective Date."

11.     Accordingly, the parties request that the Court extend the deadline for the parties to file their joint motion for settlement approval from August 9, 2018 to August 21, 2018—the day after Defendant signs the settlement agreement.

**IT IS SO STIPULATED:**

Dated: August 10, 2018                    **NICHOLS KASTER, PLLP**

                                         By:     /s/Reena I. Desai

                                                 Attorneys for Plaintiff

Dated: August 10, 2018                    **FORD & HARRISON, LLP**

                                         By:     /s/Daniel Chammas

                                                 Attorneys for Defendant

**IT IS SO ORDERED.**

Date: August 10, 2018

_____
Troy L. Nunley
United States District Judge