# EXHIBIT A

# SETTLEMENT AGREEMENT

Plaintiff Ivan Perez ("Plaintiff") and Defendant BARCO, Inc. ("Defendant") have reached a definitive, fair and reasonable settlement of a *bona fide* dispute. Plaintiff and Defendant (collectively, the "Parties") are presently parties to a lawsuit now pending before the United States District Court for the Eastern District of California, *Perez v. BARCO, Inc.*, Case No.: 2:17-cv-00601 (the "Lawsuit"). The Parties have agreed upon the following material terms, which were negotiated in good faith.

1. **Settlement Amount.** The total settlement amount is $92,500, inclusive of attorneys' fees and costs. Defendant must be responsible for payment of the employer's share of payroll taxes resulting from payment of this amount to Plaintiff.

2. **Settlement Payments and Taxation.**

    a. Payment to Plaintiff: Defendant will pay Plaintiff the net settlement amount of $59,170.00. Plaintiff will receive two separate payments from Defendant. The first check will cover one-half of Plaintiff's net settlement amount. Defendant will report this first half as wages for tax purposes, with Plaintiff receiving an IRS Form W-2. The second check will cover the second half of Plaintiff's allocation, representing liquidated damages and interest, for which there will be no withholding. Defendant will report this second half of Plaintiff's settlement allocation on an IRS Form 1099, Box 3.

    b. Payment to Plaintiff's Counsel: Plaintiffs' Counsel will receive one check made payable to Nichols Kaster, PLLP, in the amount of $23,125.00, as payment for legal fees and $10,205.00 in litigation costs, for which a Form 1099 will be issued to the law firm.

    c. Defendant must deliver the payments under this paragraph to Plaintiff's Counsel, Nichols Kaster, PLLP, within 14 calendar days after the Lawsuit is dismissed.

3. **Settlement Approval.** Within 14 calendar days after the parties' execution of this agreement, the parties must file a joint motion to approve the settlement, seeking approval of the settlement and dismissal of the case.

4. **Release.** In consideration for the Settlement Payment, and except for the obligations arising out of this Agreement, Plaintiff, including his agents, successors, heirs and assigns, hereby irrevocably and unconditionally releases, acquits and forever discharges Defendant, including but not limited to all of its subsidiaries, parents, affiliates, servants, agents, directors, officers, employees, representatives, insurers, and attorneys (and the servants, agents, directors, officers, employees, representatives, insurance carriers and attorneys of any subsidiaries, parents or affiliates), and all persons acting by, through, under or in concert with

each of them, and their respective heirs, successors, and assigns (collectively, "Releasees"), or any of them, from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses of any nature whatsoever, known or unknown, suspected or unsuspected, which may exist as of the Effective Date of this Agreement, regarding any claim for damages related to Plaintiff's employment with Defendant, any rights arising out of Plaintiff's employment, any wage or penalty related to Plaintiff's employment with Defendant, and any tort arising out of Plaintiff's employment with Defendant, including, without limitation: any and all claims or causes of action Plaintiff may now have under the Age Discrimination in Employment Act of 1967 (ADEA); Title VII of the Civil Rights Act of 1964; Civil Rights Act of 1871; Civil Rights Act of 1991; Employee Retirement Income Security Act; Uniformed Services Employment and Re-Employment Rights Act, (USERRA), Sections 1981 through 1988 of Title 42 of the United States Code; Immigration Reform Control Act; the Worker Adjustment and Retraining Notification Act, Sarbanes–Oxley Act of 2002, Occupational Safety and Health Act (OSHA); Americans with Disabilities Act (ADA); Americans with Disabilities Act Amendments Act; Rehabilitation Act of 1973; Fair Labor Standards Act; Health Insurance Portability and Accountability Act; Equal Pay Act of 1963; Executive Order 11246; Family and Medical Leave Act; Older Workers' Benefit Protection Act; and federal WARN Act; California Constitution; California statutes and regulations providing similar protection, including but not limited to the California Fair Employment & Housing Act, California Business & Professions Code section 17200 et seq., California Labor Code, including but not limited to sections 132(a) and 4553, California Code of Regulations, and Industrial Welfare Commissions' Wage Orders; all as amended to date or any other federal, state or local constitution, law, order or regulation prohibiting any form of employment discrimination, harassment or retaliation, and any and all other claims or causes of action arising out of Plaintiff's employment with and separation from Defendant, including, but not limited to, any claims for discrimination, harassment, retaliation, wrongful discharge or termination, violation of public policy, breach of express or implied covenant of good faith and fair dealing, intentional or negligent infliction of mental/emotional distress, negligence, civil battery or assault, false imprisonment, failure to accommodate, breach of a statutory duty, fraudulent inducement, defamation, slander, libel, damage or loss to reputation, invasion of privacy, intentional interference with contractual or business relations, unfair competition, unpaid compensation, penalties or bene-fits, breach of contract, any tort under federal, state or local law, any claim for compensation, damages, penalties, injunctive relief, attorneys' fees or costs regarding any wage-and-hour violation, the nonpayment of any wages, including but not limited to unpaid wages, bonuses commissions, off-the-clock wages, minimum wages, unpaid wages or overtime wages, expense reimbursements, improper deductions or contributions, meal or rest period violations, paystub violations and waiting-time penalties, and any other statutory violations or administrative claims waivable by law Plaintiff and Defendant agree not to sue one another for any claims they have herein released. This Agreement

and Release operates to settle all claims Plaintiff and Defendant may have against one another, and affiliates except such claims and demands which may arise after the Effective Date of this Agreement and Release. Notwithstanding the release language above and in Paragraph 5, the release does not include claims under workers' compensation law, claims that arise after the Effective Date, and other claims that cannot legally be waived.

5. **Section 1542 Waiver.**

    Plaintiff acknowledges that he has been informed and is aware of the provisions of California Civil Code section 1542. Plaintiff hereby expressly waives and relinquishes all rights and benefits which he has or may have under section 1542 which reads as follows:

    A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.'

    Plaintiff further understands and acknowledges the significance and consequences of the specific waiver of Section 1542. Plaintiff assumes full responsibility for any damages or losses sustained by him of any sort or nature that might otherwise have been or be asserted as claims in light of their waiver of Section 1542.

    Plaintiff further understands and agrees that this is a full, complete and final general release of any and all claims described as aforesaid, and he agrees that it shall apply to all unknown, unanticipated, unsuspected and undisclosed claims, demands, liabilities, actions or causes of action, in law, equity or otherwise, as well as those which are now known, anticipated, suspected or dis-closed. In addition, Plaintiff represents, warrants and agrees that the Settlement Payment is a good faith compromise of the Plaintiff's claims and that Plaintiff has been paid all compensation due and owing to him by Defendant in connection with his employment. The Parties agree this release will remain in effect as a general release of their claims, notwithstanding any additional or different facts or claims they may discover about the matters herein released.

6. **Reclassification.** As part of this settlement agreement, the parties agree that, immediately after the Effective Date of this Agreement, Plaintiff will be reclassified as a full time non-exempt employee, with the job title of Customer Service Engineer (Level 2), with a starting hourly rate of $36.21. Plaintiff's job duties will generally resemble those job duties of other employees of the same job title and position, but Plaintiff's job duties may change and will be determined exclusively by Defendant and Plaintiff's supervisor. As before, Plaintiff will still be an at-will employee, with no greater right to employment than he had before this Agreement. As an hourly employee, Plaintiff will be subject to policies, procedures, and conditions

3

pertaining to other non-exempt employees, including the "Overtime Hours for Non-Exempt Associates" policy, which provides that "Associates must have prior approval before working any overtime…If associates work unauthorized overtime they will be subject to discipline, up to and including termination."

7. **Denial of Liability.**   Nothing herein shall be construed as an admission by Defendant of any liability of any kind.

8. **California Law.** This Agreement shall be governed by and construed under and in accordance with the laws of the State of California.

9. **Entire Agreement.** This Agreement contains all representations, and the entire understanding among the Parties, and supersedes all prior written and oral agreements that exist or may exist between the Parties. This Agreement may be modified only by written instrument signed by all the Parties hereto.

10. **Effective Date of this Agreement.** The Effective Date of this Agreement is the last date that Plaintiff or Defendant signs the Agreement below.

*Agreed:*

**PLAINTIFF:** _____  Date: August 7, 2018
Ivan Perez
Plaintiff

**PLAINTIFF:** _____  Date: August 8, 2018
Nichols Kaster, PLLP
Reena I. Desai
Plaintiff's Counsel


**DEFENDANT:** _____  Date: August ___, 2018
Barco, Inc.
Printed Name and Title:_____.

**DEFENDANT:** _____  Date: August ___, 2018
FordHarrison
Daniel Chammas
Defendant's Counsel

4

be an at-will employee, with no greater right to employment than he had before this Agreement. As an hourly employee, Plaintiff will be subject to policies, procedures, and conditions pertaining to other non-exempt employees, including the "Overtime Hours for Non-Exempt Associates" policy, which provides that "Associates must have prior approval before working any overtime…If associates work unauthorized overtime they will be subject to discipline, up to and including termination."

7. **Denial of Liability.** Nothing herein shall be construed as an admission by Defendant of any liability of any kind.

8. **California Law.** This Agreement shall be governed by and construed under and in accordance with the laws of the State of California.

9. **Entire Agreement.** This Agreement contains all representations, and the entire understanding among the Parties, and supersedes all prior written and oral agreements that exist or may exist between the Parties. This Agreement may be modified only by written instrument signed by all the Parties hereto.

10. **Effective Date of this Agreement.** The Effective Date of this Agreement is the last date that Plaintiff or Defendant signs the Agreement below.

*Agreed:*

PLAINTIFF: _____   Date: August ___, 2018
Ivan Perez
Plaintiff

PLAINTIFF: _____   Date: August ___, 2018
Nichols Kaster, PLLP
Reena I. Desai
Plaintiff's Counsel

DEFENDANT: _____   Date: August 20, 2018
Barco, Inc.
Printed Name and Title: Curt Apker, Secretary

DEFENDANT: _____   Date: August 17, 2018
FordHarrison
Daniel Chammas
Defendant's Counsel

4