UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN PEREZ,<br><br>             Plaintiff,<br><br>    v.<br><br>BARCO, INC., d/b/a/ BELGIUM-BARCO INC.,<br><br>             Defendant. | No. 2:17-cv-00601-TLN-AC<br><br>**ORDER** |

      This matter is before the Court on the parties' Joint Motion for Settlement Approval. (ECF No. 24.) For the reasons set forth below, the Court hereby GRANTS the motion.

///
///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Ivan Perez filed his complaint on March 21, 2017, alleging that Defendant misclassified him and other similarly situated employees as exempt employees and failed to pay them overtime compensation under the federal Fair Labor Standards Act ("FLSA"), as well as additional California state law wage and hour claims for missed meal and rest periods, wage statements, and unfair competition under California's Business & Professions Code section 17200, *et seq.* (ECF Nos. 1, 4.) Plaintiff worked for Defendant as a Customer Service Engineer.

Defendant denied Plaintiff's allegations and asserted several affirmative defenses, including that Plaintiff was exempt from the overtime laws under the administrative exemption of the FLSA and California law. (ECF No. 7.)

The parties engaged in discovery, including depositions of Plaintiff and Defendant's corporate representative, and exchanged documents and other written discovery. Ultimately, Plaintiff did not file a motion for certification based on information learned through discovery. Discovery ended January 15, 2018, and the original motion hearing deadline was July 12, 2018. (ECF No. 11.) On June 15, 2018, the Court, upon the parties' request, extended the motion hearing deadline to September 6, 2018 and extended the other remaining deadlines, while the parties attended a private mediation.

The parties participated in a mediation facilitated by mediator Steven G. Pearl at ADR Services, Inc., on July 11, 2018. Although the parties did not reach an agreement at the mediation, Mr. Pearl presented a mediator's proposal of $92,500 the day after the mediation, which both parties accepted on July 13, 2018. The parties then formalized and executed the Settlement Agreement. (ECF No. 24-3.)

## II. STANDARD OF LAW

Claims of this nature can only be settled under the authority of either the Secretary of Labor or the District Court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). In order to approve the settlement, the Court must "determine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute." *Yue Zhou v. Wang's Rest.*, No. 05-cv-0279 PVT, 2007 WL 2298046, at *1 (N.D. Cal. Aug. 8, 2007) (citing *Lynn's Food Stores, Inc.*,

679 F.2d at 1355). "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.*

### III. ANALYSIS

The Court finds that the Settlement Agreement constitutes a fair and reasonable resolution of a *bona fide* dispute. First, a *bona fide* dispute exists. The parties contested several issues related to Plaintiff's FLSA claims. As a threshold issue, the parties disputed whether Plaintiff is eligible for overtime. Defendant asserted that Plaintiff is covered under the administrative exemption and is therefore not eligible for overtime compensation. Defendant also disputed the number of overtime hours Plaintiff asserted were unpaid, as well as whether liquidated damages are appropriate.

Second, the settlement is a reasonable compromise of Plaintiff's overtime claims. Based on Plaintiff's calculations using Defendant's hours records and hours worked that Plaintiff tracked, Plaintiff's settlement of $92,500 constitutes nearly 50% of his overtime claims against Defendant. (ECF No. 24-2 at ¶ 2.) Plaintiff's counsel requested fees in the amount of $23,125.00 and costs in the amount of $10,205.00, to be paid from the settlement amount. Moreover, as part of the settlement, Defendant reclassified Plaintiff as a non-exempt employee, thereby becoming eligible for overtime compensation under federal and state law, and coverage under several California state laws for non-exempt employees. Defendant also must separately pay its employer's share of payroll taxes resulting from payment of the settlement amount to Plaintiff, and Plaintiff agreed to a general release of claims.

After a review of the Settlement Agreement filed by the parties, (ECF No. 24-3), the Court determines that the terms of the settlement of this litigation are fair and reflect a reasonable compromise of Plaintiff's claims, including the amount contemplated to be paid to Plaintiff for resolution of his claims. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted) ("[U]nless the settlement is clearly inadequate, its acceptance and approval are preferable to lengthy and expensive litigation with uncertain

results."). The Court has also determined that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned. *See, e.g., Officers for Justices v. Civil Service Commission*, 688 F.2d 615, 625 (9th Cir. 1982).

### IV. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Parties' Joint Motion for Settlement Approval, (ECF No. 24), is hereby GRANTED; and
2. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

Dated: September 27, 2019

Troy L. Nunley
United States District Judge